**JUDGE HOLWELL**

JAMES A. SAVILLE, JR. (JS-4835)
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff

45 Broadway
New York, New York 10006
(212) 669-0600

**08　CV　4268**

RECEIVED
'  6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BASLER SECURITAS VERSICHERUNGS AG　　:

　　　　　Plaintiff,　　　　　　　　　　:

　- Against -　　　　　　　　　　　　　:

SLAY TRANSPORTATION COMPANY, INC.,　:

　　　　　Defendant.　　　　　　　　　　:
------------------------------------X

Index No.: 08 cv ____( )

**COMPLAINT**

　　Plaintiff, Basler Securitas Versicherungs AG, by and through its attorneys, Hill Rivkins & Hayden LLP, complaining of the above named defendant alleges upon information and belief as follows:

　　1.　At and during all material times hereinafter mentioned plaintiff Basler Securitas Versicherungs AG ("Basler"), was and now is a corporation organized and existing by virtue of foreign law with an office and principal place of business at Basler Strasse 4, Bad Homburg, Germany and was the insurer of the shipment which is the subject matter of this lawsuit. Basler has reimbursed its insured, Bayer MaterialScience LLC, pursuant to the terms and conditions of the insuring agreement between itself and Bayer and has thereby become

subrogated to the rights of Bayer, as those rights may appear.

2.  At and during all times hereinafter mentioned, defendant Slay Transportation Company, Inc. ("Slay") was and now is a corporation organized and existing by virtue of the laws of Missouri with an office and principal place of business at 1441 Hampton Avenue, St. Louis, MO 63139 and was and now is engaged in business as a common carrier of goods by air for hire.

3.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1337 in that this action involves the interstate transportation of goods by motor carrier and the amount in controversy exceeds $10,000.00 exclusive of interest and costs.

4.  In or about June and July 2006 there was delivered to the defendant several shipments of Makrolon suitable in every respect for the intended transit which defendant received, accepted and agreed to transport for certain consideration from Ohio to Indiana.

5.  Upon delivery at destination, the shipment was damaged or otherwise lost.

6.  By reason of the foregoing the defendant was grossly negligent and careless in its handling of plaintiff's cargo, engaged in willful misconduct and further breached and violated its duties and obligations as a common carrier and bailee of said cargo and was otherwise at fault.

7. Plaintiff was the shipper, consignee, insurer or owner of the shipment and brings this action on its own behalf and as agents and trustees of all parties who may be or become interested in said shipment as their respective interests may appear and plaintiff is entitled to maintain this action.

8. Plaintiff has performed all duties and obligations on its part to be performed.

9. By reason of the premises, plaintiff has sustained damage as nearly as same can now be estimated no part of which has been paid although duly demanded in the amount of $173,181.10.

*WHEREFORE,* Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the Defendant.

2. That if the Defendant cannot be found within this District, that all of its property within this District be attached in the sum set forth in this Complaint, with interest and costs.

3. That a decree may be entered in favor of Plaintiff and against Defendant in the amount of $173,181.10 with interest and costs.

4. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: New York, New York
May 6, 2008

> HILL RIVKINS & HAYDEN LLP
> Attorneys for Plaintiff
>
> By: _____
> James A. Saville, Jr. (JS-4835)
> 45 Broadway, Suit 1500
> New York, New York 10006
> (212) 669-0600

29638\COMPLAINT